**In re J.H. WARE TRUCKING, Debtor.**

No. 4:93CV2684SNL (TIA).

United States District Court,
E.D. Missouri,
Eastern Division.

Sept. 13, 1995.

Norman W. Pressman, Greensfelder and Hemker, St. Louis, MO, for J.H. Ware Trucking, Inc.

Thomas M. Pavelko, Chesterfield, MO, for the Plan Committee, through Distribution Agent and on behalf of agent Wendi S. Alper.

Peter A. Greene, Thompson and Hine, Washington, DC, for Eveready Battery Company, Inc.

James S. Cole, Jr., Asst. U.S. Trustee, U.S. Department of Justice, St. Louis, MO.

### MEMORANDUM

LIMBAUGH, District Judge.

This matter is before the Court on the appeal of appellant The Plan Committee from the final order of the United States Bankruptcy Court for the Eastern District of Missouri holding that a lack of concurrence or power of attorney in the mileage guide was fatal to all of Ware's tariffs, thus, the Plan Committee could not proceed with a cause of action against defendant Eveready Battery Co. to collect freight undercharges. This Court has appellate jurisdiction of this matter pursuant to 28 U.S.C. § 158(a).

On an appeal, the United States District Court may affirm, modify, or reverse a judgment, order, or decree of a bankruptcy judge, or remand to the bankruptcy court with instructions for further proceedings. This Court may affirm the decision of a bankruptcy court if it is supported by law and the facts contained in the record. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of a bankruptcy court to judge the credibility of the witnesses. *In re Van Horne*, 823 F.2d 1285, 1287 (8th Cir.1987); *In re Martin*, 761 F.2d 472, 474 (8th Cir.1985). Under Bankruptcy Rule 8013, findings of fact are clearly erroneous when they are not supported by substantial evidence, contrary to the clear preponderance of evidence, or based on an erroneous view of the law. *In re Cook*, 72 B.R. 976 (W.D.Mo.1987). Conclusions of law, however, are subject to *de novo* review. *In re Martin*, 761 F.2d at 474. Since the issue on appeal concerns a conclusion of law, the decision of the United States Bankruptcy Court for the Eastern District of Missouri is subject to *de novo* review by this Court.

It appears from the record before this Court that the underlying facts germane to this appeal are essentially undisputed. On or about May 20, 1991 J.H. Ware Trucking, Inc. filed its Chapter 11 petition in bankruptcy. From the date of filing until April 14, 1992 it operated as a Debtor–in–Possession (DIP). On April 14, 1992 a Second Amended Plan of Liquidation was confirmed by the Bankruptcy Court. The Second Amended Plan of Liquidation established the Plan Committee, which was assigned J.H. Ware's rights in all causes of action belonging to it.

On or about May 19, 1993 the Plan Committee brought an adversary proceeding for alleged undercharges against appellee/defendant Eveready Battery Co. The Plan Committee sought additional freight charges which it calculated were due under J.H. Ware's common carriage tariffs for shipments J.H. Ware had moved for Eveready Battery Co. Eveready Battery Co. filed its answer and counterclaim on June 17, 1993. On or about September 14, 1993 Eveready Battery Co. filed a motion for summary judgment contending that it was not liable for the additional freight charges because the underlying tariffs were invalid since J.H. Ware had no power of attorney to show it was authorized to use the Household Goods Carriers' Bureau (HGCB) Mileage Guide. Extensive responsive pleadings were filed by both parties.

On November 17, 1993 the Bankruptcy Court issued its memorandum opinion holding that the lack of a concurrence or power of attorney in the mileage guide rendered J.H. Ware's tariffs void as a matter of law. The Bankruptcy Court based its opinion primarily on the Eighth Circuit case of *Atlantis Exp. v. Associated Wholesale Grocers*, 989 F.2d 281 (8th Cir.1993) which held that carrier tariffs which reference the HGCB Mileage Guide without effective concurrences or powers of attorney are void as a matter of law. However, the Bankruptcy Court did note that *Atlantis* primarily relied upon the ICC's similar decision in *Jasper Wyman & Son, et al.*, 8 I.C.C.2d 246 (1992), which was subsequently overruled by the Court of Appeals for the District of Columbia in *Overland Express, Inc. v. Interstate Commerce Com-*

*mission,* 996 F.2d 356 (D.C.Cir.1993). Irrespective of the D.C. Circuit's rejection of *Jasper Wyman,* the Bankruptcy Court held that in accordance with the Eighth Circuit's ruling in *Atlantis,* the undercharge claims were invalid because they were based on tariffs that referenced the HGCB Mileage Guide without effective concurrences or powers of attorney. The Court granted Eveready Battery Co.'s motion for summary judgment. Bankruptcy Court Memorandum Opinion, dated November 17, 1993.

■ The Plan Committee then filed its appeal before this Court. On or about May 19, 1994 this Court entered a stay pending the United States Supreme Court's decision in *Security Services v. K Mart,* 996 F.2d 1516 (3rd Cir.1993). In *Security Services,* a carrier which had filed for Chapter 11 protection sought to recover freight undercharges. The issue before the Supreme Court was whether a motor carrier's failure to participate in the HGCB Mileage Guide, pursuant to applicable I.C.C. regulations, voids, as a matter of law, the carrier's mileage-based rate tariffs that incorporate the mileage guide by reference. This Court determined that the Supreme Court's determinations regarding the issues raised in the *Security Services* case would be instrumental in resolving the issue(s) raised in the instant case.

At about the same time that this Court entered a stay in this case, the United States Supreme Court rendered its decision in *Security Services v. K Mart,* ── U.S. ──, 114 S.Ct. 1702, 128 L.Ed.2d 433 (1994). It held that a bankrupt carrier cannot rely on tariff rates, which it has filed with the I.C.C. but are void for nonparticipation under the I.C.C. regulations, as the basis for recovering undercharges. In reaching this decision, the Supreme Court upheld the lower courts' rulings and the I.C.C.'s rulings in *Atlantis, supra* and *Jasper Wyman, supra;* and rejected the rulings in *Overland Express, supra.* In fact, *Overland Express* and a similar case from the Seventh Circuit, *Brizendine v. Cotter & Co.,* 4 F.3d 457 (7th Cir.1993), were both granted certiorari. The Supreme Court vacated both decisions and remanded the cases back to their respective appellate courts for further consideration in light of

*Security Services, supra. I.C.C. v. Overland Express,* ── U.S. ──, 114 S.Ct. 2095, 128 L.Ed.2d 658 (1994); *Cotter & Co. v. Brizendine,* ── U.S. ──, 114 S.Ct. 2095, 128 L.Ed.2d 658 (1994).

■ There is no question that the Bankruptcy Court's granting of Eveready Battery Co.'s motion for summary judgment was proper in light of *Atlantis, supra, Jasper Wyman, supra,* and now the recent Supreme Court decision of *Security Services v. K Mart, supra.* The Planning Committee concedes as much. However, it seeks to remand this case to the Bankruptcy Court in order to determine what rates are applicable and for a trial on the merits as to all non-mileage based undercharge claims. The Plan Committee does not specify as to what other tariffs might be applicable. It appears to base its remand request for further proceedings before the Bankruptcy Court on a statement made by Justice Ginsburg in her dissent in the *Security Services* case.

"Nullification of a rate can be an extremely harsh remedy, for it 'renders the tariff void *ab initio.* As a result, whatever tariff was in effect prior to the adoption of the rejected rate becomes the applicable tariff for the [relevant] period.'"

*Security Services,* ── U.S. at ──, 114 S.Ct. at 1719 *citing I.C.C. v. American Trucking,* 467 U.S. 354, 358, 104 S.Ct. 2458, 2461, 81 L.Ed.2d 282 (1984). However, the majority opinion expressly rejected Judge Ginsburg's "retroactive voiding" concept. *Id.,* ── U.S. at ──, 114 S.Ct. at 1709. Referring to the rule espoused in *American Trucking,* the Supreme Court stated:

"But the rule is not apposite here, for the void-for-nonparticipation regulation does not apply retroactively. The ICC did not, as in *American Trucking,* void a rate for a period during which an effective rate was filed. The ICC's regulations operate to void tariffs that would otherwise apply to future transactions, by providing that the rate becomes inapplicable when the tariff reference to the Mileage Guide is canceled ... The regulation works like an expiration date on an otherwise valid tariff in

voiding its future application, in accordance with § 1312.23(a)."

*Id.,* —— U.S. at ——, 114 S.Ct. at 1709.

Furthermore, *Security Services* upholds the I.C.C.'s ruling in *Jasper Wyman* wherein the I.C.C. stated "[i]f a carrier has no lawful rates on file, it has no basis for collecting undercharges based on the filed rate doctrine." *Jasper Wyman*, 8 I.C.C. at 263, n. 32.

The Plan Committee has failed to present a sufficient legal basis for its contention that prior effective tariffs should form the basis for pursuing a claim for undercharges. The Court will deny the Plan Committee's request for a remand in order to review J.H. Ware's prior effective tariffs as the basis for seeking additional freight charges against Eveready Battery Co.

The Plan Committee also seeks a remand in order to recover additional freight charges it alleges are not mileage-based, and therefore, not within the holding of *Security Services*.

The Plan Committee admits that in its pleadings before the Bankruptcy Court it sought to recover other freight charges which it contended were not mileage-based. These other charges are flat rate charges, and supplemental charges (i.e. charges for driver-assisted loading and unloading, providing protective services, and too many intermediate stops). It has failed to identify specifically these alleged non-mileage based charges.

The Bankruptcy Court granted summary judgment to Eveready Battery Co. as to all common carriage shipments in dispute. It did so on the basis of the factual record before it, as well as the applicable law. The Plan Committee's request for a remand as to non-mileage based claims presents a factual question and factual findings of the Bankruptcy Court cannot be set aside unless clearly erroneous. *In re Van Horne, supra; In re Martin, supra.* The Plan Committee has failed to present sufficient evidence to this Court that there are in fact non-mileage based claims and that the Bankruptcy Court's findings are "clearly erroneous". The Plan Committee's request for a remand for a trial on the merits regarding alleged non-mileage based claims will be denied.

For the foregoing reasons, the Memorandum Opinion and Order of the Bankruptcy Court, dated November 17, 1993 will be affirmed.